### STATE *vs.* JAMES T. HUNT.

#### PROVIDENCE—MARCH 20, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Indictments. Partnership. Embezzlement.*

A. entered into an agreement with B. by which A. was entitled to one-half of the net profits of the business by way of compensation for services; the capital invested and all the proceeds thereof belonging exclusively to B.:—

*Held*, that the agreement did not create a partnership.

*Held*, further, that, if A. converted the money to his own use, he was guilty of embezzlement.

(2) *Criminal Law. Indictments. Embezzlement. Proof.*

Under Gen. Laws cap. 279, § 18, in an indictment charging embezzlement, it is not necessary to prove the particular amount charged in the indictment.

(3) *Embezzlement. Criminal Law. Defence. Advice of Counsel.*

*Query*, whether the retention of money under the advice of counsel is a defence to an indictment charging embezzlement.

INDICTMENT charging embezzlement. Heard on petition of defendant for new trial, and petition denied.

(1)    TILLINGHAST, J. The evidence does not show that the witness Draper and the defendant were partners in the pawnbroking business. Under the written agreement entered into between them, the defendant was simply entitled to one-half of the net profits of the business by way of compensation for his services, the capital invested and all the proceeds thereof be-

longing exclusively and absolutely to the complainant Draper, and the defendant being his servant and agent in the carrying on of the business. Such an agreement does not create a partnership. *Boston Smelting Co.* v. *Smith*, 13 R. I. 27; *Com.* v. *Bennett*, 118 Mass. at p. 453. If, therefore, the defendant fraudulently converted the money in question to his own use, as charged in the indictment, he was guilty of embezzlement, (2) and the verdict of the jury was right. And it was not necessary for the State to prove that the particular amount charged in the indictment was embezzled. Gen. Laws R. I. cap. 279, § 18.[1]

(3) As to the contention of the defendant's counsel that, if the defendant consulted an attorney at law in the premises, and was advised by him that he had the right to retain possession of the money in question as against the complainant Draper until it should be determined whether it belonged to Draper or to the defendant, he could not be convicted of embezzling said money, we reply that it was competent for the jury to find under the testimony that, before consulting said attorney, the defendant had wrongfully and fraudulently converted said money to his own use as charged. The witness Draper testified, and there was other testimony to the same effect, that when he went to the office occupied by defendant to get the money, in pursuance of a notice from defendant's brother that he was misconducting himself, there was no money in the safe, and that the defendant then and there practically admitted that he had used it for his own purposes. So that, even if we should concede that the defendant's contention was tenable, yet it does not necessarily appear that the facts in the case warrant the conclusion to which the defendant arrives. And as the jury

---

[1] SEC. 18. In prosecutions under the preceding two sections, it shall be sufficient to allege generally in the indictment or complaint an embezzlement . . . of money to a certain amount . . . without specifying any particulars of such embezzlement, and on the trial evidence may be given of any such embezzlement . . . committed within six months next after the time stated in the indictment, and it shall be sufficient to maintain the charge in the indictment and shall not be deemed a variance, if it be proved that any . . . money . . . of whatever amount was . . . embezzled . . . within said period of six months.

were instructed by the presiding justice that, if the defendant consulted an attorney in the premises, and was advised that he had the right to hold on to the money in his hands until it could be legally determined to whom it belonged, they could not find him guilty, it must be presumed that they did not believe he had the money when he sought this advice, but had previously misappropriated the same as charged, as it was clearly competent for them to do in view of the testimony in the case.

It does not appear, therefore, that the jury disregarded the instruction of the court, as contended by defendant.

We do not wish to be understood as holding, however, that the instruction referred to was correct, the general rule of law being that the advice of counsel furnishes no excuse for a violation of law and cannot be relied on as a defence in a criminal prosecution.  1 Am. & Eng. Ency. of L., 2nd ed. 897–8, and cases.

It is true, as argued by defendant's counsel, that, in order to convict a person of the crime of embezzlement, a fraudulent intent to deprive the owner of his property must be shown.  And we think the jury in the case at bar were warranted in finding such an intent on the part of the defendant, and an actual embezzlement, before he consulted counsel.

We think the evidence in the case is sufficient to sustain the verdict.

Petition for new trial denied, and case remanded for sentence.

*Charles F. Stearns, Attorney-General,* for State.

*Franklin P. Owen,* for defendant.